## AS TO THE TAXABILITY OF FUNDS HELD BY THE SHERIFF.

Common Pleas Court of Highland County.

HENRY A. PAVEY v. ELMER F. PAVEY.

Decided, April 8, 1914.

*Taxation—Funds Held by Sheriff Awaiting Determination of Legal Rights—Not Subject to Taxation.*

Money in the hands of a sheriff derived from sale in partition, and which he is ordered by the court to invest and hold to await the determination by the court of the rights of rival claimants thereto, should not be returned for taxation by the sheriff as "accounting officer" or otherwise.

NEWBY, J.

Certain real estate owned in common by the parties was sold in this case under the order of the court in partition.

Forty-six hundred dollars of the fund derived from the interest of Henry A. Pavey were withheld from distribution to await the determination of a claim asserted thereto by Elmer F. Pavey, a co-tenant. Some four or five years ago the court ordered the sheriff to invest the fund at interest until the further order of the court. The district assessor has listed this fund with its accumulations for taxation in the name of the present sheriff as "accounting officer" in the above styled case. The Supreme Court having recently determined the controversy between Henry A. and Elmer F. Pavey favorably to the latter, the case is now before this court for a final order of distribution, and the sole question is whether it was the duty of the sheriff to return for taxation the fund held by him, and thus make it necessary for him to retain an amount sufficient to meet the taxes to become due on the fund.

In the case of *McNeill, Assignee,* v. *Hagerty, Auditor,* 51 O. S., 255, the court held that personal property in whatever form held by an assignee of an insolvent debtor, whose estate is being settled in the probate court, is not subject to taxation in the hands of the assignee, and that it was not the duty of such assignee to make return of the assets of said estate for taxation,

and the reasoning of the court in that case, it seems to me, applies just as fully and conclusively to the question in this.

The law relating to the return of personal property for taxation and describing the class of persons whose duty it is to make the returns is worded the same now as it was in 1892, the year when the return was demanded of the assignee that was before the court in the case of *McNeill, Assignee*, v. *Hagerty, Auditor, supra*. And in that case the court attaches significance to the fact that in the category of those required to list property for taxation, assignees were not included. Sheriffs were not then and are not now named as tax-payers, and hence the omission of sheriffs is as potent a factor in the construction of the statute to exclude them from the ranks of those who must make tax returns as is the omission of assignees to exclude them.

In fact, Judge Spear in the 51st O. S. places assignees and sheriffs on the same footing. On page 269 of the report he says:

"If the clause of Section 2734, relating to the listing of trust property by trustees, requires a listing of property by the assignee of an insolvent whose estate is being settled in the probate court, no reason can be given why the same duty would not devolve upon receivers of partnerships, clerks of courts, sheriffs or master commissioners, as to funds which may chance to be in their hands on the day preceding the second Monday of April, subject to payment upon order of the court. To state such a proposition is to refute it. And this because it is unreasonable to assume that, in the absence of express authority, the duty to enlist embraces property which the law has taken into its own hands simply to collect and distribute, and of which it has designated a temporary trustee for the better accomplishment of its work."

Another consideration that weighed with the court in the McNeill-Hagerty case was that the creditors of the assignor were the beneficial owners of the property in the hands of the assignee, and were subject to be taxed on their credits represented by their demands against the assignor, and hence to subject the property in the hands of the assignee to taxation from which property their demands were to be satisfied, the creditors would in effect be required to submit to double taxation. The same reasoning applies here. The fund in question was subject to be

returned at some valuation and in some form, either as cash or as a credit, by the successful claimant. And if in addition to paying his own tax bill, he must stand a reduction in the amount in the sheriff's hands, of a sum necessary to discharge the claim against the sheriff, double taxation would be forced upon the claimant. Such a course would contravene our Constitution, which exacts equality in matters of taxation.

But it is suggested by the taxing authorities that the sheriff, under the circumstances of this case, is an "accounting officer" and as such it is his duty to list this fund for taxation under Section 5375, General Code. I can perceive no reason why a sheriff should be designated an "accounting officer" that would not apply with equal force to the case of an assignee, and the Supreme Court in the McNeill-Hagerty case evidently did not consider an assignee an "accounting officer" under the tax laws of the state or they would have held it his duty to make return in that capacity. But however that may be, it is only a certain class of accounting officers that are required to list property, and a county sheriff is not a member of that class. Section 5370, General Code, provides who shall list personal property. It provides for listing "the property of  *  *  *  a company, firm or corporation by the president or principal accounting officer, partner or agent thereof." This section contains the only provision casting the duty on an accounting officer to list property and he is only required to list the property of the company, firm or corporation in which he holds the position of principal accounting officer. So that Section 5375, General Code, which was formerly Section 2736, Revised Statutes, in its requirement that a person required to list property must make out on a blank furnished for the purpose a statement of the property therein enumerated "which he is required to list for taxation, either as owner or  *  *  *  accounting officer" has reference to "principal accounting officers" as described in Section 5370. And plainly a sheriff, if in any sense an "accounting officer," is not in the class of such officers reached by Section 5370, which confines the class to those who hold that relation to a company, firm or corporation.

In my judgment the sheriff is not required to list the fund held by him under the order of the court in this case and that he

can not lawfully apply any of the funds in his hands to the discharge of a claim for taxes thereon or pay out the money to any person for any purpose except by and under the order of the court.

An order may be put on directing the distribution of the balance of the fund in the sheriff's hands without taking any account of the tax claim.